[No. 21074. Department One. August 30, 1928.]

ANNA LYALL PERRY, *Respondent*, v. LAWRENCE PERRY, *Appellant*.[1]

[1] DIVORCE (7, 36)—GROUNDS—CRUELTY — EVIDENCE — SUFFICIENCY. A judgment for divorce to a wife is warranted where the husband had threatened to kill and daily applied opprobrious epithets to her and made false and malicious charges of infidelity against her, although she was not altogether blameless.

Appeal from a judgment of the superior court for Cowlitz county, Simpson, J., entered August 30, 1926, upon findings in favor of the plaintiff, in an action for divorce. Affirmed.

*John T. Casey,* for appellant.

FULLERTON, C. J.—This is an appeal by the husband from an interlocutory decree of divorce granted the wife.

[1] The principal question discussed in the appellant's brief is whether the evidence justified the findings of the court. The court found cruelty as the basis for the decree; he found that, on a number of occasions,

[1]Reported in 269 Pac. 1037.

the appellant threatened to kill the respondent; that he almost daily applied opprobrious epithets to her, and used when addressing her foul and profane language; and that he had, on a number of occasions, made false and malicious charges of infidelity against her. A reading of the evidence convinces us that the respondent herself was not altogether blameless; that she was at times guilty of conduct that excited the appellant's jealousy. But we cannot conclude that this was of sufficient import to justify the appellant's conduct, or such as to warrant this court in denying her the relief she sought, especially since to do so would require us to find contrary to the findings of the trial court who had the parties before him.

The contention is made that the court erred in sustaining objections to certain evidence offered by the appellant. But we find no error in this regard. For the greater part the testimony offered was mere hearsay, and in those instances where this objection was not available, it was properly rejected on the ground of immateriality.

The court divided the property of the parties by awarding to the respondent the household furniture, and to the appellant the family automobile and the office furniture and fixtures he used in his business; requiring him to pay the respondent one hundred dollars and the costs and disbursements of the suit. While the appellant assigns error in this action of the court, the evidence does not convince us that it requires modification.

The decree is affirmed.

MITCHELL, PARKER, TOLMAN, and FRENCH, JJ., concur.